UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LARRY ROLAND CRIM, | ) | |
| | ) | District Court No. 3:09-0343 |
| Debtor | ) | JUDGE CAMPBELL |
| | | |
| LARRY ROLAND CRIM, | ) | |
| | ) | |
| Plaintiff/Appellant | ) | |
| | ) | |
| v. | ) | |
| | ) | Bankruptcy Case No. 308-06229 |
| | ) | Adv. Proceeding No. 308-00401A |
| FIRST TENNESSEE BANK | ) | |
| NATIONAL ASSOCIATION, et al. | ) | |
| | ) | |
| Defendants/Appellees | ) | |

ORDER

Pending before the Court are a motion and amended motion for temporary restraining order (Docket Nos. 2, 3) filed by the Appellant, pro se, in this bankruptcy appeal. Also pending before the Court is a Motion Related to Recusal of Judge Todd Campbell (Docket No. 10). The Court held a hearing on April 23, 2009, which was attended by the Appellant, pro se, and counsel for the Appellee, First Tennessee Bank National Association.

At the hearing, the Court and the Appellant discussed the recusal request, and the motion was resolved by the Appellant stating that he had no objection to the Court hearing this case.

In determining whether to issue a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) the plaintiff's likelihood of

1

success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. Abney v. Amgen, Inc., 443 F.3d 540, 546 (6th Cir. 2006).

The Appellant filed the initial motion seeking a temporary restraining order "prohibiting the [Appellee] from conducting a foreclosure set for April 14, 2009, at 11:30 a.m." (Docket No. 2). In the amended motion, the Appellant added a request that the order prohibit the Appellee from "completing" the foreclosure, and "prohibiting said foreclosure from having any prospective effect." (Docket No. 3). Before the undersigned judge received the case, Appellant moved for the recusal of another judge and that request was granted (Docket No. 6). In the interim, the date set for the foreclosure sale passed. At the hearing, the Appellant described the relief he now seeks as an order declaring the foreclosure sale to be void and of no effect.

Based on the briefs and pleadings filed by the parties, and the presentations made at the hearing, the Court finds that the Appellant has not demonstrated that he will suffer immediate and irreparable injury, harm, loss, or damage if injunctive relief is not granted pending a preliminary injunction hearing. At the hearing, the parties agreed that the foreclosure sale had been held on April 14, 2009, and that the Appellee had acquired a trustee's deed to the property in question. Thus, Appellant's initial request to prevent the sale of the property is now moot.

Appellant's request that the Court declare the sale to be void and of no effect is not an appropriate basis for extraordinary relief. Whether the disposition of the property was valid and effective is an issue to be decided by a final judgment in this bankruptcy appeal. Appellant has not specified any other action that is imminent and will cause him to suffer irreparable harm. Although the Appellee holds a trustee's deed to the property, counsel indicated that it has not instituted any action in the state courts seeking eviction of the Appellant from the property. To

2

the extent the Appellee institutes such action during the pendency of this appeal, it does so at its peril.

Thus, Appellant has not demonstrated a need for immediate relief. Appellant also has not shown that the other considerations set forth above warrant a temporary restraining order in the absence of any need for immediate relief. Accordingly, a temporary restraining order is not warranted, and Appellant's motion and amended motion for temporary restraining order are DENIED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE