IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **LARRY CRIM** | ) | **District Court No. 3:09-cv-0343** |
| | ) | **Judge Campbell** |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| **LARRY CRIM** | ) | |
| | ) | **Bankr. No. 308-06229-MH3-7** |
| Appellant, | ) | **Adv. Case No. 308-00401A** |
| | ) | |
| v. | ) | |
| | ) | |
| **FIRST TENNESSEE BANK** | ) | |
| **NATIONAL ASSOCIATION,** | ) | |
| | ) | |
| Appellee . | ) | |

**ORDER**

This matter is an appeal of two decisions from the Bankruptcy Court for the Middle District of Tennessee, as well as the Bankruptcy Court's two subsequent decisions that denied the Debtor's Motions to Alter or Amend those decisions.

Specifically, the Debtor appeals the Bankruptcy Court's Order entered April 24, 2009 (Adv. No. 308-00401A; Docket No. 56) denying the Debtor's Motion to Alter or Amend Judgment of March 30, 2009 (Adv. No. 308-00401A; Docket No. 33) granting the Trustee's "Motion to Compromise and Settle All of Debtor's Pre-Petition Claims Against First Tennessee Bank and Chad Hankins, Including the Claim Stated in the Above-Captioned Adversary Proceeding In This Case" (Adv. No. 308-00401A; Docket No. 15) over the Debtor's objections.

1

The Debtor also appeals the Bankruptcy Court's Order entered April 24, 2009 (Bankr. No. 08-06229; Docket No. 156) denying the Debtor's Motion to Alter of Amend Judgment of February 19, 2009 (Bankr. No. 08-06229; Docket No. 139) granting First Tennessee Bank National Association's "Motion for Relief from Automatic Stays" (Bankr. No. 08-06229; No. 62) over the Debtor's objections.

The Appellant is Debtor Larry Crim. The Appellee is Creditor First Tennessee Bank National Association.

The Court has jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158(a). The District Court reviews the Bankruptcy Court's findings of fact for clear error and the Bankruptcy Court's conclusions of law de novo. In re John Richards Homes Bldg. Co., LLC, 439 F.3d 248, 254 (6th Cir. 2006)(citing In re Baker & Getty Fin. Servs., Inc., 106 F.3d 1255, 1259 (6th Cir. 1997)).

The Appellant argues that the Bankruptcy Court's Orders should be reversed because Appellant asserts a recoupment defense under the Truth in Lending Act, 15 U.S.C. § 1640; this defense arose after Appellant filed his Bankruptcy petition and after the Appellee filed its Proof of Claim, therefore, Appellant's recoupment defense is not property of the Bankruptcy estate; since the defense is not property of the Bankruptcy estate, the Trustee did not have authority to settle the Appellant's recoupment defense; and, finally, the Bankruptcy Court should not have lifted the automatic stay because Appellee lacks a valid security interest in the property as a result of Appellant having sent a Notice of Rescission to the Appellee within the statutorily-prescribed time.

The Appellee, on the other hand, argues that the Bankruptcy Court's Orders should be affirmed because all claims and causes of action asserted by the Debtor are rooted in his pre-

2

bankruptcy past and therefore are property of the Bankruptcy estate; the Chapter 7 Trustee has the authority to administer and resolve all of the Debtor's assets, including the claims and causes of action alleged in the Adversary case; and, because it is undisputed that the Debtor lacked equity in the property and because the Debtor presented no proof of relevant defenses to the Motion for Relief, the Bankruptcy Court acted within its discretion in granting stay relief to the Appellee.

The Bankruptcy Court found, *inter alia*, that "all of the alleged causes of action raised by Debtor would have arisen pre-petition and, thus, are included in the Claims that are property of the Bankruptcy Estate in this case. As a result, the Trustee has the power to administer such Claims as assets." (Adv. No. 308-00401A; Docket No. 56).

This entire appeal turns on the question of whether the Bankruptcy Court erred in ruling that Appellant's alleged recoupment defense under the Truth in Lending Act is property of the Debtor's Bankruptcy estate. If the defense is property of the estate, the Chapter 7 Trustee had the authority to administer and settle the recoupment defense as well as all assets of the Bankruptcy estate in a "fair and equitable" manner. Bauer v. Commerce Union Bank, 859 F.2d 438, 441 (6th Cir. 1988). The Appellant has not argued that the Trustee's settlement was unfair or inequitable.

A bankruptcy estate comprises "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Appellant asserts a recoupment defense based on the Appellee's alleged violations of the Truth in Lending Act, not a claim for statutory damages under the Act. However, "[r]ecoupment is an equitable right of a defendant to a deduction in the amount of the plaintiff's recovery . . . ." Brown v. Hipshire, 553 S.W.2d

3

570, 572 (Tenn. 1977). As an equitable right or interest of the debtor, the Appellant's recoupment defense falls within the broad sweep of § 541(a)(1) and constitutes property of the Bankruptcy estate.

Nevertheless, the Appellant maintains that, because his recoupment defense did not arise until the Bank's post-petition action of filing a Proof of Claim, the defense is not property of the Bankruptcy estate and could not be settled as part of the Debtor's Adversary case. However, that the Proof of Claim was not filed until after the Debtor filed his Bankruptcy petition is irrelevant because "property of the estate" is broadly defined "and includes 'every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative . . . .'" In re Lott, 332 B.R. 292, 293 (Bankr. E.D. Mich. 2005)(citing In re Stinson, 221 B.R. 726, 729 (Bankr. E.D. Mich. 1998)(citations omitted))(emphasis added). "In a variety of situations, courts have 'almost uniformly adhered to the view that contingent interests are property of the estate under § 541(a)(1).'" In re Edmonds, 263 B.R. 828, 830 (Bankr. E.D. Mich. 2001)(quoting Booth v. Vaughan (In re Booth), 260 B.R. 281, 285 (6th Cir. 2001)). This is true when "the contingent right was based on prepetition circumstances." Booth, 260 B.R. at 289; In re Edmonds, 262 B.R. at 831 (considering whether the claim was "sufficiently rooted in the prebankruptcy past so as to be included as property of the bankruptcy estate under § 541(a)").

Here, as the Bankruptcy Court recognized, both the Proof of Claim and the Debtor's recoupment defense were rooted in pre-bankruptcy circumstances and events. Therefore, the Debtor's recoupment defense became property of the Bankruptcy estate immediately upon the filing of the Bankruptcy case.

In the absence of his recoupment defense and his claims attacking the validity of the

4

Bank's security interest in the subject property – all of which constitute property of the Bankruptcy estate for the Trustee to administer fairly and equitably– the Appellant has not set forth any other factual or legal basis why the Trustee cannot resolve the Adversary case. The Court finds that the Bankruptcy Court was well within its discretion to allow the Trustee to settle the Adversary case and finds that the resolution was in the best interests of the estate. Similarly, because the Debtor's only defenses to the Motion for Relief were those claims asserted in the Adversary case, the Bankruptcy Court did not err in lifting the Stay.

Accordingly, the Bankruptcy Court's Orders are AFFIRMED and the appeal is DISMISSED.

                                                          _____
                                                          TODD J. CAMPBELL
                                                          UNITED STATES DISTRICT JUDGE